UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CITY OF SIOUX FALLS, | \* | CIV 22-4052 |
| Plaintiff, | \* | |
| vs. | \* | |
| AZZURO, INC.;<br>SHORT ELLIOTT HENDRICKSON, INC.,<br>and BONNO KOERS; | \* | ORDER |
| Defendants, | \* | |
| and | \* | |
| SHORT ELLIOTT HENDRICKSON, INC., | \* | |
| Third-Party Plaintiff, | \* | |
| vs. | \* | |
| UNISON SOLUTIONS, INC., | \* | |
| Third-Party Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Plaintiff City of Sioux Falls has asserted a variety of claims against the Defendants for the performance failure of a new digester gas-conditioning system for the City water reclamation facility. The City hired Short Elliott Hendickson, Inc. (SEH) to provide engineering services for the project. SEH in turn recommended Defendant Azzuro's biological emission control system for the project. The City made a pre-suit settlement with Unison Solutions (Unison). SEH filed a Third Party claim against Unison. Unison then filed its Motion to Dismiss.

Unison Solutions invites an empty chair at the trial with its Motion to Dismiss. SEH says it has claims against Unison in addition to the claims against SEH by Plaintiff City of Sioux Falls. The additional claims by SEH are for "damages related to the misrepresentation, negligence, breach

of contract/warranty of Unison." (Doc. 19, SEH Response to Unison Motion to Dismiss.) Unison replies that this is a red herring as "any damages suffered by SEH as a result of its "independent" claims against Unison are limited to the liability SEH has to the City, in connection with the project." (Doc. 24, Unison Reply.) But SEH's Third-Party Complaint is broader than is claimed by Unison. Paragraph 19 of the Third-Party Complaint states:

> 19. Unison and/or Azzuro are liable to SEH for all damages, costs, fees or other amounts incurred by SEH that are caused by the misrepresentations, negligence, breach of contract, breach of warranty, and other misconduct of Unison/Azzuro, including, but not limited to, any amounts owed to the Plaintiff and any and all amounts incurred in defending and responding to the claims related to the Project.

Paragraphs 11 to 14 claim indemnification or contribution. The prayer of the Third Party Complaint follows along and "prays that SEH recover from Unison all amounts found to be owed to the Plaintiff, SEH's own damages...." (Doc. 8 at 4).

The First Party Defendants are entitled to a reduction in the amount of the settlement made on behalf of Unison or in accordance with the jury determination as to Unison's comparative fault, whichever amount is greater. *Schick v. Rodenburg*, 397 N.W.2d 464, 465 (S.D. 1986); *City of Spearfish v. Duininck*, 2016 WL 4133517, 7-8, (2016 D.S.D.)

The Court need not address whether the trial could be held with Unison not present if the only claim against SEH was whatever damages are awarded against SEH in favor of the Plaintiff City as that is not all of the claims by SEH against Unison. Accordingly,

IT IS ORDERED that the Motion to Dismiss by Unison, Doc. 14, is denied.

Dated this 20th day of December, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK