UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CITY OF SIOUX FALLS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>AZZURO, INC.; SHORT-ELLIOTT-<br>HENDRICKSON, INC.,<br><br>　　　　　Defendants,<br><br><br>SHORT-ELLIOTT-HENDRICKSON, INC.,<br><br>　　　　　Third-Party Plaintiff,<br><br>　vs.<br><br>UNISON SOLUTIONS, INC.,<br><br>　　　　　Third-Party Defendant,<br><br><br>AZZURO, INC.,<br><br>　　　　　Counterclaimant,<br><br>　vs.<br><br>CITY OF SIOUX FALLS,<br><br>　　　　　Counterclaim Defendant. | 4:22-CV-04052-ECS<br><br><br><br>SECOND ORDER FOR SUPPLEMENTAL<br>BRIEFING |

The Court ordered further briefing from the parties on Third Party Defendant Unison Solutions, Inc.'s request for leave to mount an "empty chair" defense at trial. Doc. 139. Even though Short Elliott Hendrickson, Inc. (SEH) has asserted third-party claims for contribution against it, Unison contends it need not be present for the duration of the trial. Unison states it is

willing to make its witnesses available should they be called by any party to testify at trial, but that is all. Unison "maintains that, since the City's release in favor of Unison does not provide for a pro rata reduction of the City's claims against SEH or Azzuro, an empty chair defense is appropriate." Doc. 141 at 3. It argues "any right of contribution that SEH may have is limited to a pro-tanto offset for the amount Unison paid to settle its claims with the City." Id.

The City of Sioux Falls (City) "shares the same position as Unison." Doc. 142 at 1. But the City also advises "[s]o long as the Court agrees that South Dakota law provides for only a pro-tanto offset if the jury makes a determination that SEH and Unison were joint tortfeasors, and that the jury will not make any determination regarding apportionment or allocation of fault, the City does not oppose Unison's request to be allowed to proceed as an empty chair at trial." Id. at 2. Thus, the City's acquiescence to Unison's position is premised on this Court agreeing that the jury will not be allowed to make any determination regarding apportionment or fault of Unison.[1]

In contrast, SEH and Azzuro both contend the interests of justice and the facts of this case require that the jury allocate fault between all parties, including Unison. Docs. 143–44.

After careful consideration, the Court does not agree with the argument that South Dakota law forecloses the jury from determining or apportioning Unison's alleged fault. SDCL § 15-8-17, which Unison and the City both cite, provides a pro tanto offset to non-settling tortfeasors "in the amount of the consideration paid for the release." A release can also provide for a different, potentially greater offset, such as the settling tortfeasor's pro rata share of liability. Id.; see, e.g., Duncan v. Pennington Cnty. Hous. Auth., 283 N.W.2d 546, 552 (S.D.

---

[1] Notably, in the settlement agreement between the City and Unison, the City has agreed to "defend, indemnify and satisfy any potential judgments against Unison Solutions from any non-settling parties, or any other parties, known or unknown, involved in the Project, which arise from the Project or legal action arising from the Project." Doc. 14-1 at 2.

1979). But as Unison notes, the release here is silent as to Unison's pro rata share of liability. Doc. 141 at 2; see Doc. 14-1.

Nevertheless, when a non-settling joint tortfeasor brings a third-party claim for contribution against a settling joint tortfeasor, its liability is reduced by the greater of the pro-tanto offset or the settling tortfeasor's "proportionate level of fault as determined by the trier of fact." Sheesley v. Cessna Aircraft Co., No. Civ. 02-4185-KES, Civ. 03-5011-KES, Civ. 03-5063-KES, 2006 WL 1084103, at *40 (D.S.D. Apr. 20, 2006); see Carr v. Korkow Rodeos, 788 F.2d 485, 489–90 (8th Cir. 1986); see also SDCL §§ 15-8-15, -18. As Judge Lawrence Piersol recognized in his Order denying Unison's Motion to Dismiss, measuring the greater of those alternatives will require a "jury determination as to Unison's comparative fault." City of Sioux Falls v. Azzuro, Inc., No. 22-04052, 2022 WL 17832267, at *1 (D.S.D. Dec. 21, 2022). And as SEH notes, the jury must undertake similar factfinding as it pertains to contribution on the breach of contract claim. Doc. 144 at 5 (citing City of Bridgewater v. Morris, Inc., 594 N.W.2d 712, 717 (S.D. 1999)); see SDCL § 20-1-6.

Regardless, the City argues South Dakota law is "clear" that SEH is only entitled to a pro-tanto (dollar-for-dollar) offset of the Unison settlement amount in the event the jury determines that SEH and Unison were joint tortfeasors. Doc. 142 at 2. In support of this argument, the City cites the South Dakota Supreme Court's decision in Fluth v. Schoenfelder Construction, Inc., 917 N.W.2d 524 (S.D. 2018). But in Fluth, the South Dakota Supreme Court expressed "no opinion on the method of calculating amounts owed in a contribution action between the joint tortfeasors." Id. at 532 n.6. Thus, Fluth does not resolve the issue presented here.

The Court is persuaded by SEH and Azzuro that the jury must be allowed to make a comparative fault determination of all the alleged joint tortfeasors, including Unison, at trial. This conclusion, of course, is predicated on how the evidence comes in at trial and if the remaining claims against Unison survive any motions made during trial after all of the evidence has been received. But should the remaining claims against Unison survive any motions made during trial based on the evidence received, the Court believes the jury as the trier of fact would be allowed to determine proportionate fault for all joint tortfeasors.

The City's agreement with the position advocated by Unison was conditioned on this Court finding that the jury would not allocate and determine Unison's alleged fault. Doc. 142 at 2. Since the Court does not agree with that premise, the Court seeks further input from the parties, and primarily the City, on Unison's proposed "empty chair" defense. The parties also now have the benefit of knowing Unison's intention of providing its witnesses to testify at trial without the need for a subpoena. Doc. 141 at 4. The Court wants to know the parties' respective positions with respect to Unison's position on voluntarily producing its witnesses without a subpoena in light of the Court's belief that fault should be allocated among all the alleged joint tortfeasors.

It is therefore

ORDERED that the parties shall submit additional concise briefs for the Court's consideration on the issue of whether Unison should still be allowed to mount an "empty chair" defense at trial in light of the Court's conclusions as outlined in this order. In their briefs, the parties shall articulate their respective positions on Unison voluntarily producing witnesses at trial without the need for a subpoena. The parties shall submit these concise briefs by Friday, June 12, 2026. Shortly thereafter, the Court will issue its final ruling on Unison's request for

leave to present an empty chair defense.  The Court will then set this matter for a pretrial conference and jury trial after consultation with the parties as to their respective schedules.

DATED this 29th day of May, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

5